(129 App. Div. 473.)

### SELL v. CLARKSON et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. VENDOR AND PURCHASER (§ 335*)—BREACH OF CONTRACT—RECOVERY OF MONEY PAID.

In an action to recover money paid on account of a contract to convey realty, plaintiff's right to recover, on failure of the contract to be performed, *held* under the evidence, to depend on whether or not he was without fault.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 981; Dec. Dig. § 335.*]

2. VENDOR AND PURCHASER (§ 341*)—BREACH OF CONTRACT—RECOVERY OF MONEY PAID—PARTIES.

Where a part payment on a contract for the sale of realty was deposited with a third person and indorsed as a payment on the contract of sale, an action to recover the money paid, on failure of the vendor to perform the contract, should be brought against the depositary alone, and a judgment creditor of the vendor on whose judgment the depositary applied the money was not a necessary party defendant.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 341.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Sell against Sidney A. Clarkson and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed as to defendant Clarkson, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

M. V. McDonald, for appellant.
Sidney A. Clarkson, for respondents.

PER CURIAM. The plaintiff appeals from a judgment of the Municipal Court dismissing his complaint at the close of the case. The action is to recover $100 paid on account of a contract to convey realty. Grant told the plaintiff that he could secure for plaintiff this realty owned by Goldberg for a certain price. Theretofore Grant had made a contract with Goldberg to purchase the same realty, but the contract was not performed, and Grant had obtained a judgment against Goldberg for purchase money paid on account, which judgment was outstanding, and perforce of it a receiver had been appointed. The plaintiff testifies that, at the time of his said interview with Grant, he told Grant that he had heard that Grant had trouble with the title, and also said that he feared if he made a payment on account to Goldberg he too might lose his money, and that Grant replied that the plaintiff could put such money in the hands of his (Grant's) coun-

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sel. The upshot of it was that plaintiff and Goldberg made a contract for the sale of the premises to be performed at the office of Clarkson on or before November 18, 1907. The plaintiff paid $100 into the hands of Clarkson. The contract has not been performed. The defense is that it was understood and agreed that this $100 should be applied on the judgment held by Grant against Goldberg, and that, accordingly, the money was paid by Clarkson to the receiver.

There is no question that the money was paid on account of the contract between the plaintiff and Goldberg. Indeed, the payment is indorsed thereon, and it is clear enough that the reason that a deposit was not made with Goldberg was that the plaintiff did not trust Goldberg and was fearful that, if Goldberg did not convey the realty, the plaintiff would lose any deposit made with him. Whatever Grant may have said to Clarkson in the presence of the plaintiff, or whatever the plaintiff may have appeared to assent to, for he is an illiterate man, it seems incredible that, at the same time when he was unwilling to put the money into Goldberg's hands lest he could not recover it in case of Goldberg's default, he should consent that the money should be applied outright and absolutely on Grant's judgment against Goldberg, and therefore for Goldberg's benefit absolutely. The final analysis is absurd, namely, that the plaintiff would not trust Goldberg with money which he was willing should be applied forthwith for Goldberg's benefit, irrespective of any benefit to the plaintiff. We think that the transaction as understood by the plaintiff was that Clarkson should hold the deposit of $100, instead of Goldberg, to apply that money to the purchase price in case the contract of Goldberg was performed, and that this is the effect of the evidence.

If the plaintiff broke the contract, then he cannot recover; but, if the defendant was at fault, then the plaintiff has his action for recovery of this money. While it appears that the contract has not yet been performed, the record is not full and is not clear that it has been broken, and, if so, as to which of the parties thereto is at fault. There must be a new trial to determine that question. If the contract has been broken by the fault of the plaintiff, there is no liability, and hence this money is not the concern of the plaintiff; if by the fault of the defendant, then Mr. Clarkson must be regarded as still in possession of this money. If the contract is still in force, but unperformed, then Mr. Clarkson must also be regarded as still in possession of the deposit. We think that the case as to Grant was dismissed rightly.

Judgment reversed as to the defendant Clarkson, and a new trial ordered; costs to abide the event.